UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALON WALKER,

        Plaintiff,

v.                                              Case No. 6:14-cv-1751-Orl-37DAB

MAGIC BURGER, LLC,

        Defendant.

## ORDER

This cause is before the Court on the Defendant's Motion to Dismiss and Compel Arbitration with Incorporated Memorandum of Law (Doc. 12), filed December 8, 2014; and Plaintiff's Statement in Opposition to Defendant's Motion to Dismiss and Supporting Memorandum of Law (Doc. 14), filed December 22, 2014.

## BACKGROUND

This Family Medical Leave Act, 29 U.S.C. §§ 2601, et seq. ("FMLA") action is before the Court on Defendant Magic Burger, LLC's request that the Court order Plaintiff Alon Walker to arbitrate her claims pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–16 ("FAA"), and dismiss her Complaint (Doc. 1) pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 12 ("Motion").) Plaintiff filed a Response to the Motion. (Doc. 14.) For the reasons set forth below, the Court will reserve ruling on the Motion and will proceed summarily to a trial in accordance with 9 U.S.C. § 4.

## LEGAL STANDARDS

**I.    Rule 12(b)(1)**

A factual challenge that an extrinsic document (such as an arbitration agreement)

deprives the Court of its power to hear a claim may be raised in a Rule 12(b)(1) motion. *See Norfolk S. Ry. Co. v. Fla. E. Coast Ry., LLC*, No. 3:13-cv-576-J-34GRK, 2014 WL 757942, at *1 n.2 (M.D. Fla. Feb. 26, 2014); *Owings v. T-Mobile USA, Inc.*, 978 F.Supp.2d 1215, 1222 (M.D. Fla. 2013).[1] When resolving such a motion, the Court may consider matters outside the pleadings, and it must construe all facts in favor of the non-moving party. *See Magnolia Capital Advisors, Inv. v. Bear Stearns & Co.*, 272 F. App'x 782, 784–85 (11th Cir. 2008); *Schriever v. Navient Solutions, Inc.*, No. 2:14-cv-596-FtM-38CM, 2014 WL 7273915, at *2 (M.D. Fla. Dec. 19, 2014). If all claims in an action are subject to arbitration, then dismissal of the action is appropriate. *See Hardy v. PSI Family Servs., Inc.*, No. 3:11-cv-56-J-32JRK, 2011 WL 1344422, at *3 (M.D. Fla. Apr. 8, 2011).

**II.   FAA**

The FAA embodies a liberal federal policy favoring arbitration agreements,[2] and it provides the substantive law controlling the validity and enforcement of such agreements—including in federal statutory employment claims. *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005); *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1313 (11th Cir. 2002) (noting that "arbitration agreements encompassing claims brought under federal employment discrimination statutes have . . . received near universal approval"). When a party requests an order compelling

---

[1] *But see Lipcon v. Underwriters at Lloyd's London*, 148 F.3d 1285, 1289–90 (11th Cir. 1998) (observing that Rule 12(b)(1) does not apply to motions challenging venue where subject matter jurisdiction is plain); *VI MedRx, LLC v. Hurley Consulting Assocs., Ltd.*, 3:11-cv-1-34-J-37TEM, 2012 WL 10494, at *2 (M.D. Fla. Jan. 3, 2012) (noting that a motion to compel arbitration and dismiss a complaint is properly asserted in a Rule 12(b)(3) motion).

[2] Florida public policy also favors arbitration. *See Shotts v. OP Winter Haven, Inc.*, 86 So. 3d 456, 472 (Fla. 2011).

arbitration under the FAA, the Court must:

> hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. . . . *If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.*

9 U.S.C. § 4 (emphasis added). This framework exists because arbitration under the FAA "is a matter of consent, not coercion." *See Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 479 (1989); *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960) ("[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.").

Taking into account the general federal policy favoring arbitration, in this Circuit, a party who denies the existence of a valid arbitration agreement "must substantiate the denial of the contract with enough evidence to make the denial colorable." *See Chastain v. Robinson Humphrey Co.*, 957 F.2d 851, 855 (11th Cir. 1992). "A party cannot place the making of the arbitration agreement in issue simply by opining that no agreement exists." *Id.* Rather, "[t]o make a genuine issue entitling the party seeking to avoid arbitration to a trial by jury on the arbitrability question, an unequivocal denial that the agreement had been made is needed, and some evidence should be produced to substantiate the denial." *Id.* at 854.

## DISCUSSION

The evidence before the Court concerning arbitrability includes: (1) an unauthenticated and unsigned document titled "Mutual Agreement to Arbitrate" (Doc. 12-1 ("Mutual Agreement")); (2) a signed document dated April 20, 2012, titled

3

"Receipt of Employment Documents" (Doc. 12-2 ("Receipt"));[3] and (3) Plaintiff's Sworn Affidavit admitting that the signature on the Receipt is hers, but denying that she entered into any arbitration agreement with Defendant (Doc. 14-1, ¶¶ 6–16). Notably, Defendant did not provide the Court with an affidavit authenticating the Mutual Agreement or the Receipt or setting forth any facts that would permit an inference that the "Mutual Agreement" is the "Arbitration Agreement" listed on the Receipt.[4] In contrast, in her Sworn Affidavit, Plaintiff unequivocally denies that she assented to the Mutual Agreement or even saw it before Defendant filed it with the Court. (*See id.*)

Given the evidentiary record presented, the Court is not "satisfied that the making of the agreement for arbitration" is established. Thus, the Court must "proceed summarily" to a jury trial to determine whether an agreement to arbitrate exists, and if so, the terms of such agreement.[5] *See* 9 U.S.C. § 4; *Magnolia Capital*, 272 F. App'x at 784–85 (reversing order compelling arbitration and remanding to trial court for "a trial as to the making of an agreement to arbitrate"); *Wheat, First Secs., Inc. v. Green*, 993 F.2d 814, 817–18 (11th Cir. 1993) (finding that the district court had a "responsibility" to order a trial concerning the existence of an arbitration agreement where the plaintiff's denial was "colorable"); *see also Caseres v. Texas de Brazil (Orlando) Corp.*, No. 6:13-cv-

---

[3] The Receipt lists ten documents—including "Arbitration Agreement"—with the initials "AW" marked next to each document. (*See id.* (listing "Cash Register Policy," "Drug Free Workplace Policy," and "Receipt of Employment Documents").)

[4] For instance, Defendant could have submitted a sworn affidavit that the "Mutual Agreement" was the only agreement provided to its employees, or that it was the agreement provided during the time frame Plaintiff was hired, or that other specifics concerning Defendant's hiring, training, and recordkeeping procedures permits an inference that the Plaintiff actually received the Mutual Agreement—as opposed to some other "arbitration agreement."

[5] Plaintiff's Complaint includes a demand for jury trial (Doc. 1); accordingly, a jury trial is required on the issue of arbitrability. *See* 9 U.S.C. § 4 ("If no jury trial be demanded by the party alleged to be in default, . . . the court shall hear and determine such issue.").

1001-Orl-37KRS, 2013 WL 5921539, at *6 (M.D. Fla. Nov. 4, 2013) (ordering a trial pursuant to 9 U.S.C. § 4 based on evidence raising a "colorable issue" that an arbitration agreement was "procured by fraud"); *Williams v. MetroPCS Wireless, Inc.*, No. 09-22890-CIV, 2010 WL 62605, at *10 (S.D. Fla. Jan. 5, 2010) (ordering a jury trial where "a genuine issue of material fact" existed concerning contract formation).

## CONCLUSION

Upon consideration, it is hereby **ORDERED AND ADJUDGED**:

1. This matter will summarily proceed to a jury trial on the question of whether an arbitration agreement exists between Plaintiff and Defendant.

2. On or before **February 13, 2015**, the parties shall meet and confer concerning a case management plan that includes a jury trial no later than **May 18, 2015**, and deadlines for discovery and dispositive motions related only to the question of arbitrability.

3. On or before **February 17, 2015**, the parties shall jointly file their proposed case management plan.

4. Pending completion of trial, the Court will **RESERVE RULING** on the Defendant's Motion to Dismiss and Compel Arbitration with Incorporated Memorandum of Law (Doc. 12).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 5, 2015.

ROY B. DALTON JR.
United States District Judge

5

Copies:

Counsel of Record